## Mangan v. Smith

*LeRoy Comanor*, for plaintiff.

JONES, J., January 31, 1950.—The matter at issue arises upon a Petition for Oral Examination grounded upon the alleged authority of the Act of May 9, 1913, P. L. 197; 12 P. S. Secs. 2242-2244. The petitioner

avers that she is the plaintiff in the above entitled action in which judgment was entered against the defendant August 5, 1948 and damages assessed in the sum of $460.60; that upon October 6, 1948 a writ of fieri facias was issued made returnable the First Monday of November, 1948 against the defendant, to which the sheriff made a return of "nulla bona". Paragraph 4 of the Petition reads as follows:

"4. Your petitioner is informed, believes and therefore avers that the said defendant, Charles Smith, possess property which should be made subject to the execution herein."

The petition concludes with the following prayer:

"WHEREFORE your petitioner prays that the said defendant, Charles Smith, be ordered to appear before your Honorable Court and there to make answer to such questions as may be put to him with regards to any property that he may own that should be made subject to such execution."

Attached to the Petition is an "Order", which the court is requested to make, requiring the defendant to appear before the court on a specified date "and there to answer such questions as may be put to him with regards to any property, real or personal, that he may own that should be made subject to said execution in accordance with the provisions of the Act of May 9, 1913, P. L. 197."

The title of the Act of May 9, 1913, P. L. 197, reads as follows:—

"AN ACT To provide for the oral examination of a judgment debtor, for the purpose of discovering whether he has property which may be made subject to execution on the judgment."

Section 1 of the Act reads as follows:—

"Section 1. Be it enacted, &c., That in any case in which a final judgment has been or may hereafter be recovered in any court of record in this Commonwealth,

upon which an execution has been issued, and a return made by the sheriff of the proper county to the effect that property cannot be found sufficient to satisfy the said judgment and execution, upon petition of the plaintiff, under oath, setting forth that he believes the defendant has property which should be applied towards the payment of such judgment, the court shall enter an order to the same number and term requiring the judgment debtor to attend, and be examined orally, after being duly sworn or affirmed true answers to make concerning his property, before the court, at such time and place as the court may appoint. The attendance of the debtor for the purposes of such examination may be enforced by said court by subpoena and attachment, as in the case of other witnesses."

Section 2 provides:—

"The judgment debtor may be compelled, in the same manner as other witnesses in judicial proceedings, to answer all pertinent questions addressed to him at such examination concerning his property; . . ."

Section 3 provides for a record to be made of the examination and the payment of expenses and their collection.

Section 4 is the repealer.

The basis for the petition is the return of the sheriff to an execution writ, issued upon a final judgment theretofore recovered in this court, "to the effect that property cannot be found sufficient to satisfy the said judgment and execution". The term, "property", is a generic term embracing both real and personal property.

The record discloses that a fieri facias writ issued out of this court October 6, 1948, returnable the first Monday of November, 1948. It was directed to the Sheriff of Philadelphia County and reads as follows:—
"We Command you, That of the goods and chattels, lands and tenements of Charles Smith defendant in

your bailiwick, you cause to be levied . . ." the amount of the judgment together with costs and charges. The return stamped on the writ and signed in writing by a deputy sheriff reads as follows:—

"11/3/48
"N U L L A   B O N A
(No Costs Collected)
So Answers
Robert Parker
Deputy Sheriff
Austin Meehan
Sheriff"

With the exception of the date and the name of the Deputy Sheriff the return is rubber-stamped, including the name of the Sheriff.

"A return on a writ of execution is the short official statement of the officer, indorsed thereon or attached thereto, of what he has done in obedience to the mandate of the writ or of the reason why he has done nothing. It consists of the two acts of writing out the statement on the writ or on an attached paper and the filing. The mere writing out of the statement is not sufficient without filing it, and vice versa the mere filing of the writ with no statement is not a return.

"The office of the return is to inform the court and the parties of what was done, and to make the recitals contained in the return of record." [1]

The sheriff is the executive officer of the court and as such "is charged with the duty of making return to the mandates of its writs, . . ." The return "shall be in form appropriate to the writ, and as a matter of law sufficient." [2]

The questions presented are:—

Does the recited return comply with the mandate of the writ? Is it "in form appropriate to the writ, and

---

[1] 23 C. J., Sec. 858, p. 791.
[2] Dixon v. Sewing Machine Co., 128 Pa. 397, 407 (10/7/89).

as a matter of law sufficient"? Has process by execution been exhausted?

The Act of 1913 provides process supplementary to and in aid of the discovering of property which may be made subject to the execution upon a final judgment theretofore recovered in a court of record in this Commonwealth. This process can issue only upon an order of the court upon petition of the plaintiff, under oath, averring the facts set forth in the Act and supported by the required record facts. Upon principle and the nature and purpose of this supplementary process the Act calls for strict construction. The process by execution must be exhausted before the proceedings supplementary to the execution are authorized to be instituted.

It is apparent upon the record that such process has not been exhausted. "Nulla bona" means no goods. Its etymological meaning and its meaning in law do not differ. When used in a sheriff's return it means "The return made to a writ of *fieri facias* by the sheriff, when he has not found any goods of the defendant on which he could levy." [3] "A return of 'nulla bona' has a well-defined meaning in the law. It signifies that the officer made strict and diligent search and was unable to find any goods of the defendant liable to seizure under the writ." [4] Such has been the meaning of the phrase from time immemorial. No Act of Assembly gives it a different meaning. Custom cannot alter its legal significance.

A return, "nulla bona", does not mean that the sheriff was unable to find any property on which he could levy. That it has no such meaning in the bailiwick of the sheriff of Philadelphia County is manifest in the court records of this county. By way of example note the returns in the following cases:—

---

[3] Bouvier's Law Dictionary, Third Revision, Vol. III, p. 2384; See also Cyclopedic Law Dictionary, p. 640.
[4] Standard Penna. Practice, Vol. 7, Sec. 418, p. 527.

In the case of Philip Cass, etc., v. Frank J. Aicher, Municipal Court, September Term, 1949, No. 698, the Deputy Sheriff, Robert Parker, made return in conformity with the Act of 1913 and sufficient in law. The return in writing signed by him and endorsed on the writ concludes ". . . I was unable to find Sufficient property of the defendant to Satisfy the said Judgment and Execution and hereby Make Return accordingly So Answers Robert Parker Deputy Sheriff". Similar in form and substance is the return to the writ of fieri facias in the case of Keller Printing Company v. Strauss, etc., Municipal Court, April Term, 1947, No. 371. These returns were the bases for petitions for oral examinations, upon each of which an order had been made and which were listed for hearing January 20, 1950.

To recapitulate:— The return, "nulla bona", does not comply with the mandate of the writ issued in the instant case. It is not "in form appropriate to the writ, and as a matter of law sufficient." Since the process provided by the Act is available only when the sheriff makes a return "to the effect that property cannot be found sufficient to satisfy the said judgment and execution", it is evident that the process by execution has not been exhausted in the instant case.[5]

There is, therefore, no authority conferred by the Act upon the court to grant the prayer of the petition. Accordingly it is required that the petition be dismissed.

---

[5] The decisions in the cases of Fidelity-Phila. Tr. Co., Exec., v. Miller, 29 D. & C. 282 (4/9/37) and Comm., to use, v. Schiff, 52 D. & C. 515 (5/22/44) are founded upon the principles set forth in this opinion and affirm its validity. The portion of the opinion in The Wayne Title & Trust Co. v. Mellett, 29 D. & C. 117 (3/3/37) touching the form and substance of a return required by the 1913 Act is an ipse dixit. What the court would have assumed in the case of John T. Lewis & Bros. Co. v. Seay, 50 D. & C. 547 (12/3/43) "if" the sheriff's return had been other than it was is obiter dictum.

44

*Order*

AND NOW, to wit, January 31, 1950, the petition is dismissed.